WILLIAM WENTZELL, RELATOR, v. CHARLES E. STEEL-
MAN, ETC., ET AL., RESPONDENTS.

THE STATE, EX REL. CELIA CHAMPION, v. WILLIAM
WENTZELL.

Argued May 7, 1930—Decided July 1, 1930.

Before Justices Parker, Campbell and Bodine.

For the relator in *mandamus* and respondent in *quo war-
ranto, Cole & Cole.*

For the respondents in *mandamus* and relator in *quo war-
ranto, Higbee & Higbee.*

Per Curiam.

Without going into details as to the facts these two pro-
ceedings present but one common point of contest, and that
is, on the merits, was William A. Wentzell qualified for and
eligible to appointment as a member of the police force of
Somers Point on April 9th, 1926, he then being admittedly
of the age of forty-four years. It is insisted that he was not
because under *Pamph. L.* 1926, *ch.* 324, *p.* 600, approved
March 31st, 1926, nine days earlier, it is provided that no

person shall be appointed who is under twenty-one years or over thirty-five years of age at the time of his appointment.

This act was amended by *Pamph. L.* 1927, *p.* 495, and again by *Pamph. L.* 1928, *ch.* 215, *p.* 387, such amendment retaining the same age qualifications.

This court recently considered this legislation in *State, ex rel. Mulsoff* v. *Sloat,* No. 268, January term, 1930 (not yet officially reported) and declared that these statutes have no validity or vitality.

We held in *Mulsoff* v. *Sloat, supra:*

"*Pamph. L.* 1915, *ch.* 373, *p.* 688, by section 2, fixes the ages of such appointees at twenty-one to fifty-five years. By the Home Rule act (2 *Cum. Supp. Comp. Stat., p.* 2154, §§ *136-1604) this provision of the act of 1915 was carried into that act and by *Pamph. L.* 1917, *ch.* 204, *p.* 575 (at *p.* 665), the act of 1915, *supra,* was specifically repealed. By *Pamph. L.* 1926, *ch.* 324, *p.* 600, the legislature attempted to amend section 2 of the repealed act of 1915, *supra,* by fixing the ages of twenty-one to thirty-five years. This was ineffective, being constitutionally inhibited. Again by *Pamph. L.* 1928, *ch.* 215, *p.* 387, there was a like, ineffective and constitutionally prohibited attempt to amend and revive this repealed act of 1915, *supra.* This leaves paragraph 4, article 15 of the Home Rule act, as amended by *Pamph. L.* 1920, *ch.* 184 (2 *Cum. Supp. Comp. Stat.,* §§ 136, 1604), as the only valid existing legislation upon this subject and it fixes the age limits at twenty-one to fifty-five years."

It becomes apparent, therefore, that the appointment of Wentzell is legally free from attack because of his age at the time of such appointment.

We have thought it advisable to indicate our view of the very right of Wentzell's claim to the office, although in neither of the cases at the head of this memorandum is that view available as a basis of decision because of procedural reasons.

*Mandamus* by Wentzell will not lie, as another is in occupation of the office of chief of police which Wentzell claims. *Leeds* v. *Atlantic City,* 52 *N. J. L.* 332. *Quo Warranto* against Wentzell will not lie, because he is not in occupation

of the office to which his right is challenged by Mrs. Champion, the relator in *quo warranto.*

The result is that the rule to show cause for a *mandamus,* and likewise the rule to show cause for leave to file an information, must be discharged, with costs.